IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-505-RJ

ALAYNE JOYNER,

    Plaintiff/Claimant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

    Defendant.

ORDER

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-18, DE-22] pursuant to Fed. R. Civ. P. 12(c). Claimant Alayne Joyner ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the denial of her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments. Claimant filed a response in opposition to the Commissioner's motion [DE-24], and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings is denied, Defendant's Motion for Judgment on the Pleadings is allowed, and the final decision of the Commissioner is affirmed.

## I. STATEMENT OF THE CASE

Claimant protectively filed applications for a period of disability, DIB, and SSI on October 6, 2014, alleging disability beginning December 5, 2012. (R. 227–36). Her claims were denied initially and upon reconsideration. (R. 88–133). A hearing before the Administrative Law Judge ("ALJ") was held on October 13, 2016, at which Claimant, represented by counsel, and a

vocational expert ("VE") appeared and testified. (R. 30–64). On January 19, 2017, the ALJ issued a decision denying Claimant's request for benefits. (R. 12–29). The Appeals Council denied Claimant's request for review on August 9, 2017. (R. 1–5). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520 and 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)–(c) and 416.920a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* §§ 404.1520a(e)(3), 416.920a(e)(3).

In this case, Claimant alleges the ALJ erred in formulating the RFC by failing to adequately address Claimant's testimony regarding her need to elevate her legs. Pl.'s Mem. [DE-19] at 10–12.

3

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful employment since the alleged onset date. (R. 17). Next, the ALJ determined Claimant had the severe impairments of rheumatoid arthritis, obesity, lymphedema, and degenerative joint disease. *Id.* However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18). Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding she had the ability to perform sedentary work[1] with the following limitations:

> [C]laimant can stand and walk for 2 hours of an 8-hour workday, and sit for 6 hours of an 8-hour workday. The claimant can occasionally operate foot controls bilaterally. The claimant can occasionally climb ramps and stairs; and never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. In addition, the claimant should avoid concentrated exposure to moving machinery, hazardous machinery, and unprotected heights.

(R. 18–23). At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of her past relevant work. (R. 23). Nonetheless, at step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 23–24).

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a), 416.967(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. "Sitting" generally totals about 6 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. *Id.*

4

## V. DISCUSSION

An individual's RFC is the capacity an individual possesses despite the limitations caused by physical or mental impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* S.S.R. 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "[T]he residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting S.S.R. 96-8p). The RFC is based on all relevant medical and other evidence in the record and may include a claimant's own description of limitations arising from alleged symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also* S.S.R. 96-8p, 1996 WL 374184, at *5.

Where a claimant has numerous impairments, including non-severe impairments, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); *see Hines v. Brown*, 872 F.2d 56, 59 (4th Cir. 1989) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments.") (citations omitted). The ALJ has sufficiently considered the combined effects of a claimant's impairments when each is separately discussed along with a claimant's complaints and activities. *Baldwin v. Barnhart*, 444 F. Supp. 2d 457, 465 (E.D.N.C. 2005) (citations omitted). The RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence," as well as a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*; *see also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (observing that the ALJ "must build an

5

accurate and logical bridge from the evidence to his conclusion").

Claimant contends the ALJ erred in the RFC assessment by failing to address Claimant's testimony regarding her need to elevate her legs to ameliorate pain and swelling in her lower extremities from chronic lymphedema. Pl.'s Mem. [DE-19] at 10–12. Claimant's relevant testimony at the hearing was as follows:

> Q Okay. What do you think is the most comfortable position for you to be in?
>
> A The most comfortable position is for me to be lying down with my legs propped up so they can elevate.
>
> Q Okay. Is that something you do every day?
>
> A I try to, but with two kids it's kind of hard, you know.
>
> . . . .
>
> Q Okay. So what are some of the things that you're able to do in the household?
>
> A I mean by the time I get my daughter ready in the morning for school, fix her lunch, help her with her homework and do the hair, I'm exhausted. You know, like I say I pick up the little toys and they drop it or whatever but I don't, I don't really, you know, he does most of that stuff. I don't, I'm trying to sit down and elevate my legs and see what my daughter has to talk about when she get home from school, you know.

(R. 43, 54). The VE testified that a requirement to elevate the legs would eliminate work because an employer would not likely accommodate the limitation. (R. 60–61).

In a factually similar case, another court rejected the argument Claimant makes here—that the ALJ failed to evaluate a claimant's need to elevate his legs—because (1) the ALJ noted the claimant's testimony that he sits with his legs elevated for some portion of the day and stated that he considered the evidence; (2) there was no medical evidence, such as physician testimony, suggesting that the claimant needed to elevate his legs; and (3) the claimant's statement was about what he did, rather than about what he could or could not do, and, thus, did not constitute a specific

6

functional limitation. *Arnold v. Berryhill*, No. 1:17-CV-149-FDW, 2018 WL 3037428, at *3 (W.D.N.C. June 19, 2018). Claimant's argument in this case suffers from the same defects the *Arnold* court identified.

First, in the RFC analysis, the ALJ specifically noted Claimant's testimony that she was *most comfortable* lying down with her legs elevated and that she elevated her legs when she could. (R. 19). Second, there is no medical opinion evidence to support this limitation, and Claimant's treating physician expressly indicated that she did *not* need to elevate her legs with prolonged sitting (R. 532). *See Parrish v. Colvin*, No. 1:09CV845, 2014 WL 3107292, at *6 (M.D.N.C. July 7, 2014) (rejecting argument the ALJ erred in failing to discuss the plaintiff's testimony that he suffered from swelling necessitating he elevate his legs during the day where the record contained no such physician's recommendation that he do so), *adopted by* No. 1:09CV845 [DE-19] (M.D.N.C. Aug. 20, 2014). Third, Claimant did not testify that she could not be seated for a prolonged period without elevating her legs due to swelling and pain but rather explained that she was most comfortable with her legs elevated and did so when she could. (R. 43). Accordingly, the ALJ did not err in considering Claimant's testimony regarding elevating her legs and in failing to include such a limitation in the RFC.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-18] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE-22] is ALLOWED, and the final decision of the Commissioner is affirmed.

SO ORDERED, this 2nd day of November 2018.

Robert B. Jones, Jr.
United States Magistrate Judge